IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YULONDA YANCY LOVE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1973-B-BN |
| | § | |
| CHILD PROTECTIVE SERVICES, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The Court has granted Plaintiff Yulonda Yancy Love leave to proceed *in forma pauperis*. And the undersigned now issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss certain of Love's claims as barred by Eleventh Amendment immunity and then should direct that Love's complaint as amended be served.

**Applicable Background**

Love claims that the defendants have violated her Fourth Amendment right to be free from unreasonable seizures by "not allowing [her] to talk to [her minor] child or to see her while they had her on their property" and by "speaking to [her] child and questioning her without [Love's] consent or knowledge." Dkt. No. 8 at 4; *see also* Dkt.

-1-

No. 2.

In her complaint, Love explains that, on the evening of July 5, 2016, she received a phone call from Jonathan's Place and was told to pick up her daughter, Stevie, the next morning. The next morning, Love arrived at Jonathan's Place, and she eventually spoke with Defendant Robin McGhee, identified as a supervisor with child protective services.

> [McGhee] asks me to give a statement as well. I refuse. I mention to them my rights as Stevie's parent and I tell them they do not have consent to speak with Stevie or hold her in their facility without my permission. I ask them if any accusations were made against me and they stated no they received a phone call. I informed them of their not having custody or conservatorship, a warrant to seize or search my child or even plausible cause. Therefore, release my child to me.

Dkt. No. 2 at 2. Love further alleges that the defendants refused to release Stevie to her.

Asked to explain the events that led up to the June 5 phone call, Love responded that, in June 2016, Stevie was sent to live with Linda Sneed "until we could have her enrolled into North Texas Job Corp." Dkt. No. 8 at 7. After an altercation with Ms. Sneed on June 19, in which Stevie broke a window and which resulted in the police being called and Ms. Sneed being arrested (after Stevie reported that Ms. Sneed assaulted her), Stevie was sent to a friend's home. *See id.* On June 25, that friend informed Love that, after exhibiting troubling behavior, Stevie needed to leave immediately. *See id.* at 7-8. Love instructed Stevie to call her father Steven, "because he agreed to deal with Stevie and her behaviors from this point on. Stevie had been violent towards me for the last year or two and I felt it best he take over due to her

behaviors," and, on June 27, Stevie informed Love that she would contact her father.

*Id.* Love next spoke to Stevie on July 6. *See id.*

### Legal Standards and Analysis

A district court may summarily dismiss a complaint (or claims in a complaint)

filed *in forma pauperis* if it concludes that an action (or a claim in an action):

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Turning to the substance of Love's complaint, "a deprivation of custody

constitutes a seizure under the Fourth Amendment," *Phillips v. County of Orange*, 894

F. Supp. 2d 345, 361 (S.D.N.Y. 2012), and the United States Court of Appeals for the

Fifth Circuit has held that "the government may not seize a child from his or her

parents absent a court order, parental consent, or exigent circumstances," *Gates v. Tex.

Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 429 (5th Cir. 2008). At least in

the context of stating a plausible claim, some courts have extended the Fourth

Amendment seizure of a minor child to include an in-school interview of that child by

school and/or child protective service officials. *See Phillips*, 894 F. Supp. 2d at 361-62

(collecting authority). And, "[i]n this Circuit, it is 'well established ... that the Fourth

Amendment regulates social workers' civil investigations.'" *Thomas v. Tex. Dep't of

Family & Protective Servs.*, 427 F. App'x 309, 314 (5th Cir. 2011) (per curiam) (quoting

*Gates*, 537 F.3d at 420 (in turn citing *Roe v. Tex. Dep't of Protective & Regulatory*

*Servs.*, 299 F.3d 395, 401 (5th Cir. 2002))).

To the extent that only Stevie – not Love – has a plausible Fourth Amendment claim, it does not appear that Love proceeding *pro se* can assert that claim as next friend to her minor child. *See Sprague v. Dep't of Family & Prot. Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (per curiam) ("'[N]on-attorney parents generally may not litigate the claims of their minor children in federal court.'" (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005))).

And, to the extent that Love cannot assert an individual Fourth Amendment claim, the undersigned notes that Love's complaint references that she told McGhee that she intended to file "a lawsuit due to violation of my 5th amendment rights." Dkt. No. 2 at 3. Therefore, in light of the Court's obligation to "liberally construe" *pro se* filings "with all possible deference," *Muthukumar v. Univ. of Tex. at Dallas*, No. 3:10-cv-115-B, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the undersigned notes that Love "has a 'fundamental liberty interest ... in the care, custody, and management of [her] child,'" *Pate v. Harbers*, No. A-15-CA-375-SS, 2015 WL 4911407, at *9 (W.D. Tex. Aug. 17, 2015) (quoting *Santosky v. Kramer*, 455 U.S. 745, 753 (1982)). "The Fourteenth Amendment Due Process Clause protects the right to family integrity. This right is held by both the child and the parents." *Id.* (citations omitted).

Considering all of the above, the undersigned recommends that Love's complaint as amended by her verified responses to the Court's questionnaire be served.

But, before doing so, the Court should dismiss certain claims as barred by

-4-

Eleventh Amendment immunity.

To the extent that Love is suing the Texas Department of Family Protective Services ("TDFPS") – the entity Child Protective Services has been identified as a defendant – and to the extent that she is suing employees of TDFPS in their official capacities, *see* Dkt. No. 8 at 4-6, those claims are barred by the Eleventh Amendment, *see Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) ("Under the Eleventh Amendment, '[a]bsent waiver, neither a State nor agencies acting under its control may "be subject to suit in federal court."'" (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (in turn quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 480 (1987)))); *cf. Thomas*, 427 F. App'x at 312-13 ("To the extent that Appellants preserved any arguments against TDFPS as an entity, the district court correctly dismissed claims against TDFPS pursuant to the Eleventh Amendment.... Similarly, suits against employees of state entities in their official capacity run afoul of the Eleventh Amendment.... Therefore, the district court properly dismissed all claims against TDFPS and all official capacity claims against TDFPS employees." (citations omitted)).

### Recommendation

The Court should, to the extent applicable, dismiss Love's claims against the Texas Department of Family Protective Services and her official capacity claims against that state entity's employees as barred by the Eleventh Amendment. The Court should then, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), direct the Clerk to issues summonses and the Marshal to serve process.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 24, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE